# IN THE COURT OF APPEALS OF IOWA

No. 22-0421
Filed May 24, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MELTON RAY CARTER,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Steven J. Andreasen, Judge.

Melton Carter appeals his conviction for possession of marijuana, third violation, as an habitual offender. **AFFIRMED.**

Michael J. Jacobsma of Jacobsma Law Firm, P.C., Orange City, for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Greer and Chicchelly, JJ. Schumacher, J., takes no part.

**VAITHESWARAN, Presiding Judge.**

A Sioux City police officer was sitting in his car doing paperwork, with the window of his squad car partially down. He "detected an odor of marijuana," looked up, and "saw a gentleman crossing in front of" him, who was identified as Melton Carter. He "[c]alled [Carter] back over to" him and "once again detected the odor of marijuana." The officer asked Carter if he could search him. Carter said no. The officer told him he "was going to search him anyway due to the odor of marijuana coming from his person." He told Carter "to place his hands on his head and" he "went to search him." The officer stated that, "[a]t that point," Carter told him "he had marijuana on him." The officer continued with the search and found marijuana.

The State charged Carter with possession of marijuana, third violation, as an habitual offender. *See* Iowa Code §§ 124.401(5), 902.8 (2017). Carter moved to suppress the evidence gained in the search on the ground that "[t]here was no probable cause to justify the police in searching [him] and no exigent circumstances . . . to allow a warrantless search." He also claimed "the search was not consensual and the evidence seized was not in plain view." The district court granted the motion. The court of appeals reversed and remanded for further proceedings. *See State v. Carter*, No. 18-1502, 2019 WL 2372231, at *1–2 (Iowa Ct. App. June 5, 2019).

On remand, Carter filed a second motion to suppress, this time claiming that his statement to "the officer that he had marijuana" was the product of a custodial interrogation that was not preceded by *Miranda* warnings. *See Miranda v. Arizona*, 384 U.S. 436, 444 (1966). The district court denied the motion following an

evidentiary hearing. The court preliminarily noted that the court of appeals opinion finding "probable cause and exigent circumstances to conduct the warrantless search" was "based solely upon the odor of marijuana." Accordingly, the court stated, "Evidence of the search and the marijuana that was discovered during that search" would "remain admissible at trial, regardless of the [c]ourt's [r]uling . . . on [Carter's] second [m]otion to [s]uppress." Nonetheless, the court determined Carter's admission to marijuana possession might "have some bearing and relevance at trial" on whether he "knowingly" possessed marijuana. For that reason, the court addressed "whether the statement was voluntarily made." The district court concluded Carter "was not subjected to a custodial interrogation" triggering the obligation to give him *Miranda* warnings and Carter's "statement was 'voluntary.'" *See State v. Tyler*, 867 N.W.2d 136, 171 (Iowa 2015) (first determining whether *Miranda* warnings were required and were properly given and then determining whether the statement was voluntary).

On appeal, Carter contends the district court should have found that he was "in custody" and *Miranda* warnings were required. In his view, the incriminating statement that followed "had significant bearing on" whether he knew of the drug's presence and whether he knew the drug was a controlled substance and, for that reason, the error in declining to suppress the statement was not harmless. The State counters that "even if the statement had been suppressed and the jury never heard it, it would have made no difference to the verdict." If we reach the merits, the State argues Carter was not in custody and was not interrogated. We will focus on the harmless-error question.

"Harmless-error review looks . . . to the basis on which 'the jury actually rested its verdict.'" *State v. Peterson*, 663 N.W.2d 417, 431 (Iowa 2003) (quoting *Sullivan v. Louisiana*, 508 U.S. 275, 279 (1993)). "The inquiry 'is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in this trial was surely unattributable to the error.'" *Peterson*, 663 N.W.2d at 431 (quoting *Sullivan*, 508 U.S. at 279). We ask "what evidence the jury actually considered in reaching its verdict" and we "weigh the probative force of that evidence against the probative force of the erroneously admitted evidence standing alone." *Id.* "[W]e must ask whether the force of the evidence is so overwhelming as to leave it beyond a reasonable doubt that the verdict resting on that evidence would have been the same without the erroneously admitted evidence." *Id.*

The evidence the jury actually considered consisted of testimony from three State witnesses: (1) the police officer who searched Carter, (2) a backup officer, and (3) the police department's supervisor of the identification and property section. The officer who searched Carter began by reprising his testimony from the suppression hearings concerning how he came into contact with Carter. Following Carter's denial of consent to a search, the officer told Carter he "would be searching him based off of probable cause." At that point, Carter said "that he did, in fact, have marijuana on his person." The officer located the marijuana "in his left pants pocket." The backup officer testified that, when he arrived, the first officer "was explaining to Mr. Carter that he could smell marijuana coming from his person and that he was going to search him." The backup officer then stated, "At that time I asked Mr. Carter if he had marijuana on him, and he said he had

marijuana in his pocket. I saw [the first officer] search him and pull marijuana out of his left pants pocket." The backup officer also testified Carter "was holding on to a piece of clear plastic," which, on examination was an empty bag that "smelled like raw marijuana." The final witness confirmed that the substance seized from Carter was marijuana.

The probative value of the evidence the jury actually considered—without Carter's admission—was overwhelming. The officer had probable cause to search Carter, said he intended to do so, and discovered marijuana in his pocket. The backup officer smelled marijuana in the empty bag held by Carter. Weighed against this evidence, Carter's admission simply confirmed what the officer was about to discover independently. *See State v. Hensley*, 524 N.W.2d 379, 384 (Iowa 1995) (stating "the State's circumstantial proof forcefully" established the defendant's knowledge). In short, his admission "paled in comparison to the other evidence of his guilt." *See State v. Zarate*, No. 11-0530, 2012 WL 652449, at *11 (Iowa Ct. App. Feb. 29, 2012). We conclude beyond a reasonable doubt that the verdict "would have been the same without the erroneously admitted evidence." The district court's denial of the second motion to suppress was harmless.

We affirm Carter's judgment and sentence.

**AFFIRMED.**